**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION**

| | |
|---|---|
| Jayme Hall, individually,<br>and on behalf of all others similarly situated,<br>and Michael G. Phillips<br><br>       Plaintiffs,<br> v.<br><br>Enhanced Recovery Corporation and<br>Mrs. O'Neil,<br><br>       Defendants. | **Civil File No. 10-cv-01934 PAM/JJK**<br><br>**AMENDED CLASS ACTION AND INDIVIDUAL VERIFIED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND INVASION OF PRIVACY**<br><br>**JURY TRIAL DEMANDED** |

Jayme Hall ("Hall") brings this purported class action complaint pursuant to the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* (the "FDCPA" or the "Act") against the defendants, Enhanced Recovery Corporation (hereinafter "defendant ERC" or "ERC") and "Mrs. O'Neil" (hereinafter "O'Neil") (collectively the "defendants"), because the defendants' telephone collection calls violate the FDCPA, and her attorney, Michael G. Phillips, brings this verified complaint pursuant to the Act and for the invasion of his privacy for two collection calls made to his personal cellular telephone by ERC in August and September 2010, after this lawsuit was served on ERC, by stating:

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Venue is proper in this District because the acts and transactions occurred here, the plaintiff resides here and the defendants transact business here.

## PARTIES

3.      The plaintiff, Hall (hereinafter "plaintiff" or "plaintiff Hall") is a resident of the City of Woodbury, County of Washington and state of State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.      The plaintiff, Michael G. Phillips (hereinafter "Phillips") is the attorney who represents Hall in this lawsuit.   Phillips maintains a professional law firm in downtown Minneapolis, Minnesota, is a Minnesota resident and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.      The defendant, ERC, is a collection agency based in Jacksonville, Florida that does business in Minnesota.  Defendant ERC is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.      At all times relevant herein, upon information and belief, the individual defendant, "O'Neil", was a debt collector as defined by 15 U.S.C. § 1692a(6) of the FDCPA because she regularly collected or attempted to collect consumer debts as part of her duties for her employer, ERC.

7.      At all times relevant herein, the defendant ERC was the employer, master, principal or joint venturer of "O'Neil", and the defendant ERC is vicariously liable for the acts or omissions of the individual defendant, "O'Neil", named in this lawsuit.

## FACTUAL ALLEGATIONS PERTINENT TO HALL'S CLAIM

8.      Sometime prior to May 2009, the plaintiff allegedly incurred a "consumer debt," as that term is defined by 15 U.S.C. §1692a(5), with GE Capital Corp.

9.      The account was transferred, assigned or sold to defendant ERC for collection in or about May 2009.

10.     On or about May 2, 2009, through at least September 2009, ERC, or its collectors, began leaving telephone collection calls, the vast majority of which were automated calls (marked "CC" below), on the plaintiff's home or work telephone answering systems, that said:

Sent Saturday, May 2nd at 8:12 a.m.
…. collect a debt and any information obtained will be used for that purpose.  Please contact me about this business matter at 800-390-7586 and provide the following reference number: 18484104.
(CC)

Sent Monday, May 4th at 8:21 a.m.
…. collect a debt and any information obtained will be used for that purpose.  Please contact me about this business matter at 800-390-7586 and provide the following reference number: 18484104.
(CC)

Sent Tuesday, May 5th at 1:04 p.m.
…. collect a debt and any information obtained will be used for that purpose.  Please contact me about this business matter at 800-390-7586 and provide the following reference number: 18484104.
(CC)

Sent Wednesday, May 6th at 8:55 a.m.
…. collect a debt and any information obtained will be used for that purpose.  Please contact me about this business matter at 800-390-7586 and provide the following reference number: 18484104.
(CC)

Sent yesterday at 2:38 p.m.
…. collect a debt and any information obtained will be used for that purpose.  Please contact me about this business matter at 800-390-7586 and provide the following reference number: 18484104.
(CC)

Sent Tuesday, May 19th at 8:17 a.m.
…. to collect a debt and any information obtained will be used for that purpose.  Please contact me about this business matter at 800-390-7586 and provide the following reference number: 18484104.
(CC)

Sent Wednesday, May 13th at 7:44 p.m.
This message is intended solely for Jayme Hall.  If you're not this person, delete the message now, for the following information isn't for you.  My name is Denny Watson.  I'm calling you from

Enhanced Recovery Corporation.  We are a collection agency attempting to collect a debt.  Any and all information obtained will be used for that purpose.  When you receive this message, I do need for you to contact me at 800-390-7586, and provide reference 18484104.  Thank you.

Sent Wednesday, May 20th at 2:19 p.m.
… at 1-800-390-7644 and provide the following reference number.
(CC)

Sent Thursday, May 21st at 3:15 p.m.
…. Please contact me about this business matter at 800-390-7644 and provide the following reference number.
(CC)

Sent Saturday, May 23rd at 9:58 a.m.
… debt and any information obtained will be used for that purpose.  Please contact me about this business matter at 800-390-7586 and provide the following reference number.  18484104.
(CC)

Sent Wednesday, May 27th at 10:01 a.m.
… to collect a debt and any information obtained will be used for that purpose.  Please contact me about this business matter at 800-390-7586 and provide the following reference number.  18484104.
(CC)

Sent Saturday, May 30th at 2:54 p.m.
Hello.  This message is for.  If you are not this person, please hang up or delete this message, as it is not for you.  This is Emily with Enhanced Recovery Corporation.  We are a collection agency attempting to collect a debt, and any information obtained will be used for that purpose.  Please contact me about this business matter at 800-390-7644 and provide the following reference number.
(CC)

Sent Tuesday, June 2nd at 3:42 p.m.
… to collect a debt and any information obtained will be used for that purpose.  Please contact me about this business matter at 800-390-7586 and provide the following reference number.  18484104.
(CC)

Voice call received 7:57 p.m. Thursday, June 4th, 20 seconds.
…. Corporation.  We are a collection agency attempting to collect a debt and any information obtained will be used for that purpose.

Please contact me about this business matter at 800-390-7586 and provide the following reference number 18484104. (CC)

Voice call received 4:24 p.m. Saturday, June 6th, 30 seconds. Hello.  This message is for.  If you are not this person, please hang up or delete this message, as it is not for you.  This is Emily with Enhanced Recovery Corporation.  We are a collection agency attempting to collect a debt, and any information obtained will be used for that purpose.  Please contact me about this business matter at 800-390-7644 and provide the following reference number. (CC)

Sent yesterday at 7:43 p.m. … to collect a debt and any information obtained will be used for that purpose.  Please contact me about this business matter at 800-390-7586 and provide the following reference number.  18484104. (CC)

Voice call received 11:48 a.m. Tuesday, June 9th, 20 seconds. …. Recovery Corporation.  We are a collection agency attempting to collect a debt and any information obtained will be used for that purpose.  Please contact me about this business matter at 800-390-7586 and provide the following reference number 18484104. (CC)

Voice call received 2:11 p.m. Wednesday, June 10th, 20 seconds. …. Recovery Corporation.  We are a collection agency attempting to collect a debt and any information obtained will be used for that purpose.  Please contact me about this business matter at 800-390-7586 and provide the following reference number 18484104. (CC)

Voice call received 1:39 p.m. Thursday, June 11th, 10 seconds. … 800-390-7586 and provide the following reference number 18484104. (CC)

Voice call received 3:32 p.m. Saturday, June 13th, 30 seconds. Hello.  This message is for.  If you are not this person, please hang up or delete this message, as it is not for you.  This is Emily with Enhanced Recovery Corporation.  We are a collection agency attempting to collect a debt, and any information obtained will be

used for that purpose. Please contact me about this business matter at 800-390-7644 and provide the following reference number. (CC)

Voice call received 4:49 p.m. Monday, June 15th, 10 seconds. …7644 and provide the following reference number. (CC)

Voice call received 11:08 a.m. Tuesday, June 16th, 10 seconds. …. 800-390-7586 and provide the following reference number 18484104. (CC)

Voice call received 4:27 p.m. Thursday, June 18th, 30 seconds. Hello. This message is for. If you are not this person, please hang up or delete this message, as it is not for you. This is Emily with Enhanced Recovery Corporation. We are a collection agency attempting to collect a debt, and any information obtained will be used for that purpose. Please contact me about this business matter at 800-390-7644 and provide the following reference number 18484104. (CC)

Sent Tuesday, June 23rd at 8:42 a.m. … to collect a debt and any information obtained will be used for that purpose. Please contact me about this business matter at 800-390-7586 and provide the following reference number. 18484104. (CC)

Voice call received 8:51 a.m. Tuesday, June 23rd, 20 seconds. …. Recovery Corporation. We are a collection agency attempting to collect a debt and any information obtained will be used for that purpose. Please contact me about this business matter at 800-390-7586 and provide the following reference number 18484104. (CC)

Sent Wednesday, June 24th at 3:57 p.m. … to collect a debt and any information obtained will be used for that purpose. Please contact me about this business matter at 800-390-7586 and provide the following reference number. 18484104. (CC)

Voice call received 4:07 p.m. Wednesday, June 24th, 20 seconds. …. Recovery Corporation. We are a collection agency attempting to collect a debt and any information obtained will be used for that

purpose.  Please contact me about this business matter at 800-390-7586 and provide the following reference number 18484104. (CC)

Sent Saturday, June 27th at 9:52 a.m.
… to collect a debt and any information obtained will be used for that purpose.  Please contact me about this business matter at 800-390-7586 and provide the following reference number.  18484104. (CC)

Voice call received 10:02 a.m. Saturday, June 27th, 20 seconds.
…. Recovery Corporation.  We are a collection agency attempting to collect a debt and any information obtained will be used for that purpose.  Please contact me about this business matter at 800-390-7586 and provide the following reference number 18484104. (CC)

Sent Tuesday, June 30th at 12:27 p.m.
… to collect a debt and any information obtained will be used for that purpose.  Please contact me about this business matter at 800-390-7586 and provide the following reference number.  18484104. (CC)

Voice call received 12:37 p.m. Tuesday, June 30th, 20 seconds.
…. Recovery Corporation.  We are a collection agency attempting to collect a debt and any information obtained will be used for that purpose.  Please contact me about this business matter at 800-390-7586 and provide the following reference number 18484104. (CC)

Sent Wednesday, July 1st at 1:46 p.m.
… we are a collection agency attempting to collect a debt and any information obtained will be used for that purpose.  Please contact me about this business matter at 800-390-7586 and provide the following reference number.  18484104. (CC)

Voice call received 1:55 p.m. Wednesday, July 1st, 20 seconds.
…. Recovery Corporation.  We are a collection agency attempting to collect a debt and any information obtained will be used for that purpose.  Please contact me about this business matter at 800-390-7586 and provide the following reference number 18484104. (CC)

Sent Thursday, July 2nd at 3:10 p.m.

Hi, this message is for Jayme Hall.  If you are not this person, please hang up or delete this message as it is not for you.  This is Emily with Enhanced Recovery Corporation.  We are a collection agency attempting to collect a debt, and any information obtained will be used for that purpose.  Please contact me about this business matter at 800-390-7644 and provide the following reference number.  18484104.
(CC)

Voice call received 3:35 p.m. Thursday, July 2nd, 30 seconds.
Hello.  This message is for.  If you are not this person, please hang up or delete this message, as it is not for you.  This is Emily with Enhanced Recovery Corporation.  We are a collection agency attempting to collect a debt, and any information obtained will be used for that purpose.  Please contact me about this business matter at 800-390-7644 and provide the following reference number.
(CC)

Voice call received 6:18 p.m. Saturday, July 4th, 30 seconds.
Hello.  This message is for.  If you are not this person, please hang up or delete this message, as it is not for you.  This is Emily with Enhanced Recovery Corporation.  We are a collection agency attempting to collect a debt, and any information obtained will be used for that purpose.  Please contact me about this business matter at 800-390-7644 and provide the following reference number.
(CC)

Sent Saturday, July 4th at 6:04 p.m.
… matter at 800-390-7644 and provide the following reference number.
(CC)

Voice call received 8:43 p.m. Monday, July 6th, 20 seconds.
… to collect a debt, and any information obtained will be used for that purpose.  Please contact me about this business matter at 800-390-7644 and provide the following reference number.
(CC)

Sent yesterday at 8:44 p.m. (recorded July 8)
… at 800-390-7644 and provide the following reference number.  .
(CC)

Voice call received 6:57 p.m. Thursday, July 9th, 10 seconds.
… 390-7586 and provide the following reference number 18484104.
(CC)

Voice call received 9:32 a.m. Friday, July 10th, 40 seconds.
Hello.  This message is for Jayme Hall.  If you are not this person,
please hang up or delete this message, as it is not for you.  This is
Emily with Enhanced Recovery Corporation.  We are a collection
agency attempting to collect a debt, and any information obtained
will be used for that purpose.  Please contact me about this business
matter at 800-390-7644 and provide the following reference number.
18484104.
(CC)

Sent Wednesday August 5th at 12:06 p.m.
… this matter at 800-390-7644 and provide the following reference
number.
(CC)

Sent Thursday, August 6th at 2:02 p.m.
…. collect a debt and any information obtained will be used for that
purpose.  Please contact me about this business matter at 800-390-
7586 and provide the following reference number 18484104.
(CC)

Sent Saturday, August 8th at 2:33 p.m.
… this matter at 800-390-7644 and provide the following reference
number.
(CC)

Sent Monday, August 10th at 10:04 a.m.
Hello.  This message is for Jayme Hall.  If you are not this person,
please hang up or delete this message, as it is not for you.  This is
Emily with Enhanced Recovery Corporation.  We are a collection
agency attempting to collect a debt, and any information obtained
will be used for that purpose.  Please contact me about this business
matter at 800-390-7644 and provide the following reference number.
18484104.
(CC)

Sent Wednesday, August 12th at 5:31 p.m.
Hello.  This message is for Jayme Hall.  If you are not that person,
please delete the message as the following information is not for
you.  This is Kelly Sullivan with Enhanced Recovery Corporation.
We are a collection agency attempting to collect a debt, and any
information obtained is only for that purpose.  Please contact me
back at 1-800-390-7586 and provide reference number. 18484104.

Sent Friday, August 14th at 9:53 a.m.

…. to collect a debt and any information obtained will be used for that purpose.  Please contact me about this business matter at 800-390-7586 and provide the following reference number 18484104. (CC)

Sent Monday, August 17th at 3:00 p.m.
This message is for Jayme Hall.  If you are not that person, please delete this message as the following information is not for you.  My name is Dionne Price, I'm calling from Enhanced Recovery Corporation.  We are a collection agency attempting to collect a debt, any information obtained will be used for that purpose.  Please call me back in regard to this business matter at 1-800-390-7586, extension 830.

Sent Thursday, September 3rd at 1:55 p.m.
….Corporation.  We are a collection agency attempting to collect a debt and any information obtained will be used for that purpose. Please contact me about this business matter at 800-390-7586 and provide the following reference number 18484104. (CC)

Sent Wednesday, September 9th at 2:16 p.m.
….Corporation.  We are a collection agency attempting to collect a debt and any information obtained will be used for that purpose. Please contact me about this business matter at 800-390-7586 and provide the following reference number 18484104. (CC)

Sent Thursday, September 10th at 1:19 p.m.
….Corporation.  We are a collection agency attempting to collect a debt and any information obtained will be used for that purpose. Please contact me about this business matter at 800-390-7586 and provide the following reference number 18484104. (CC)

Sent Monday, September 14th at 6:21 p.m.
….Corporation.  We are a collection agency attempting to collect a debt and any information obtained will be used for that purpose. Please contact me about this business matter at 800-390-7586 and provide the following reference number 18484104. (CC)

Sent yesterday at 3:36 p.m. (Recorded Sept 15)
….Corporation.  We are a collection agency attempting to collect a debt and any information obtained will be used for that purpose.

Please contact me about this business matter at 800-390-7586 and provide the following reference number 18484104.
(CC)

Voice call received 12:58 p.m. Tuesday, September 15th, 10 seconds.
This is a message for Jayme Hall.  This is Mrs. O'Neil of Enhanced Recovery Corporation.  I need a return call to 1-800-390-7586.  Provide reference….

Voice call received 4:17 p.m. Monday, September 21st, 20 seconds.
…Corporation.  We are a collections agency attempting to collect a debt and any information obtained will be used for that purpose.  Please contact me about this business matter at 800-390-7586 and provide the following reference number:  18484104.
(CC)

Voice call received 9:50 a.m. Tuesday, September 22nd, 20 seconds.
…Corporation.  We are a collections agency attempting to collect a debt and any information obtained will be used for that purpose.  Please contact me about this business matter at 800-390-7586 and provide the following reference number:  18484104.
(CC)


Voice call received 12:39 p.m. Wednesday, September 23rd, 20 seconds.
…Corporation.  We are a collections agency attempting to collect a debt and any information obtained will be used for that purpose.  Please contact me about this business matter at 800-390-7586 and provide the following reference number:  18484104.
(CC)

Voice call received 8:50 a.m. Thursday, September 24th, 10 seconds.
…86 and provide the following reference number:  18484104.
(CC)

Voice call received 8:55 a.m. Friday, September 25th, 20 seconds.
…Corporation.  We are a collections agency attempting to collect a debt and any information obtained will be used for that purpose.  Please contact me about this business matter at 800-390-7586 and provide the following reference number:  18484104.
(CC)

Voice call received 8:22 a.m. Saturday, September 26th, 20 seconds

…attempting to collect a debt and any information obtained will be
used for that purpose.  Please contact me about this business matter
at 800-390-7586 and provide the following reference number:
18484104.
(CC)

11.     Many of the automated telephone messages left by ERC or its collector, Mrs. O'Neil

for the September 15, 2009 message left by this individual defendant, violate § 1692d(6) of the

FDCPA because the defendants fail to meaningfully disclose the caller's name or the debt collection

company's name or the nature of the debt collector's business, that is, that they are debt collectors

attempting to collect a debt.

12.     Many of the telephone messages also violate § 1692e(11) of the FDCPA because the

defendants fail to tell the plaintiff that the defendants are debt collectors.

13.     ERC's initial communication with the plaintiff was at least as early as May 2, 2009,

the date of the first collection call quoted in paragraph 9 of this complaint.

14.     Section 1692g of the FDCPA requires the debt collector to send the consumer,

within five days of its initial communication with the consumer, a written notice containing the

amount of the debt, the name of the creditor to whom the debt is owed, and other information.

15.     ERC should have sent the plaintiff a written notice as required by § 1692g of the Act

no later than five days after May 2, 2009, the date of its initial communication with the plaintiff, or

no later than May 7, 2009.

16.     ERC violated § 1692g of the Act because it failed to send the plaintiff the required §

1692g notice under the Act by May 7, 2009.

17.     The defendants' conduct caused the plaintiff actual damages as defined by the

FDCPA  in the form of emotional distress, fear, humiliation and anxiety from being harassed by the

defendants and the plaintiff is also entitled to statutory damages under the FDCPA.

## CLASS ALLEGATIONS BY HALL

18.    The plaintiff brings this action individually, and as a class action on behalf of all Minnesota consumers from whom the defendants attempted to collect consumer debts using the same or a similar automated collection telephone messages that it left for the plaintiff or who failed to receive a § 1692g notice within five days of ERC's initial communication with the consumer. The class period begins one year prior to the filing of this class action complaint.

19.    The defendant regularly engages in debt collection using the same or similar automated collection telephone messages that it left for the plaintiff or similar collection methods in its attempts to collect from other consumers.

20.    The class or classes are so numerous that joinder of all members is impracticable. Although the precise number of class members is known only to the defendant, the plaintiff avers upon information and belief that the defendant has left hundreds of collection messages similar to those left for the plaintiff or failed to send § 1692g notices within five days of its initial communication with hundreds of consumers.  Accordingly, the plaintiffs estimate that the class size numbers in the hundreds.

21.    The plaintiffs' claims are typical of the claims of the class or classes. Common questions of law or fact raised by this class action complaint affect all members of the class or classes and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the class or classes.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

22.    The prosecution of separate actions by individual members of the class or classes would create a risk of inconsistent or varying adjudications with respect to the individual members of the class or classes, and a risk that any adjudications with respect to individual members of the

class would, as a practical matter, either be dispositive of the interests of other members of the class or classes not a party to the adjudication, or substantially impair or impede their ability to protect their interests.

23.     The defendant has acted or refused to act on grounds generally applicable to the class or classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class or classes as a whole.

24.     A class action is a superior method for the fair and efficient adjudication of this controversy. The interests of class members in individually controlling the prosecution of separate claims against the defendant are slight because the maximum statutory damages are limited to $1,000.00 under the FDCPA.  Management of the class claims are likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the class members may be obtained from the defendant's records.

25.     The plaintiffs will fairly and adequately protect and represent the interests of the class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the class because the defendant's conduct was perpetrated on all members of the class, and will be established by common proof.   Moreover, the plaintiffs have retained counsel experienced in actions involving class actions and consumer protection laws, including the FDCPA.

**FACTUAL ALLEGATIONS PERTINENT TO PHILLIPS' CLAIM AGAINST ERC**

26.     Michael G. Phillips is a consumer protection attorney who filed this lawsuit for Hall in late April 2010.

27.     ERC's registered agent in Minnesota was served on August 17, 2010.

28.     On August 19, 2010, Ginny Walker of ERC sent Phillips an email stating she wanted to discuss the Hall case.  Ms. Walker's signature block on her email said she was "Director of Compliance and Administration" for ERC.

29.     Walker of ERC and Phillips exchanged emails from on or about August 20, 2010 through August 27, 2010.

30.     When Phillips hadn't heard from Walker for several days, he left her an August 30, 2010 voice message.  On August 30, 2010, Walker sent Phillips an email responding, "I received your voicemail today.  This (the Hall lawsuit) has been forwarded to our counsel for review and filing of response."

31.     On August 23, 2010, Phillips was working in his office, when a call came in to his personal cell phone.  Phillips keeps his cell phone in his attaché behind his desk in his office where he works.  Calls to his cell phone are rare.  The number for his cell phone is only given out to family, friends and associates, with limited exceptions.  He does not give his personal cell phone number out to clients or other attorneys, with rare exception.  On rare occasions, Phillips gives his cell phone number out to opposing attorneys when working on a settlement after hours or to clients for the same purpose. Whenever Phillips gives his cell phone number out to opposing attorneys, he always tells them, "Do not give this number out to anyone else, including my clients."  He does not have his cell or home telephone numbers listed on any of his business cards and he doesn't give these numbers to clients, the vast majority of the time.  Phillips is not a criminal attorney who has to be available for clients so they can be bonded out of jail day and night and on the weekends.

32.     The August 23, 2010 message left on attorney Phillips personal cell phone states:

Next message sent Monday, August 23rd at 4:25 p.m. Central Time.

-15-

…agency attempting to collect a debt and any information obtained will be used for that purpose.  Please contact me about this business matter at 800-576-2419 and provide the following reference number.

End of message.  To delete this message, press 7.  To save it in the archives, press 9.  Resaved.

33.     As soon as the August 23 call came in to his cell phone, he checked the message, called the number and found that it was an automated telephone call from ERC.  Upon receiving this message, he immediately called Walker and left her a voicemail saying that he received a message on his personal cell telephone number from ERC.  He confirmed this telephone message with an August 23, 2010 email to her that states:

Ms. Walker:  This e-mail is confirmation of the voicemail I just left for you on your telephone number.

I just received an automated debt collection call from your company on my personal cell phone.

Please explain how and why this happened.

Thank you.

Phillips never received a response to this email.  That is, he never received a response from Walker explaining why he received a debt collection message on his personal cell phone from ERC.

34.     On or about September 2, 2010, Attorney Peter Nicandri of Jacksonville, Florida called Phillips and said he represented ERC.

35.     The lawyers talked regarding continuing the answer date for ERC by agreement. Phillips spoke to ERC's local counsel regarding same; Phillips prepared the paperwork for the extension; and ERC's local counsel efiled it on September 7, 2010.

36.     On September 9, 2010, Phillips received a second collection call from ERC on his personal cell phone that states:

> …agency attempting to collect a debt and any information obtained will be used for that purpose.  Please contact me about this business matter at 800-576-2419 and provide the following reference number.  34,852,385.

37.     The transcript of the ERC calls to Phillips' personal cell phone and the wav file for the calls to Phillips were sent to ERC's Florida attorney, Peter Nicandri, on September 14, 2010.

38.     The calls from ERC prompt Phillips to ask the following questions: Where did ERC obtain his personal cell phone number? Will these calls to Phillips continue? Will ERC continue to call his personal cell phone after this case is litigated? Will ERC start making calls to his home or other members of his family? Was there someone in the Twin Cities legal community who gave his personal cell phone number to ERC? Will he have to change his personal cell phone number now that ERC has it?  Will ERC give/pass his number to other collectors and defense attorneys knowing that Phillips is a plaintiff's attorney who brings claims against collectors?   How and why did ERC get his number?   Why is ERC leaving these messages?

39.     The telephone messages by ERC to Phillips violate § 1692d(6) of the FDCPA because ERC fails to meaningfully disclose the caller's name or the debt collection company's name.

40.     The ERC telephone message also violates §§ 1692d and 1692d(2) of the FDCPA because it is conduct the natural consequence of which is to harass, oppress or abuse this plaintiff.

41.     The ERC messages invaded this plaintiff's privacy and sought to humiliate, oppress, intimidate, abuse, retaliate against attorney Phillips for bringing Hall's lawsuit, "play with" and bully the plaintiff.

42.     The defendants' conduct caused the plaintiff actual damages as defined by the Act in the form of emotional distress, fear, humiliation,  anxiety and anger from being harassed by the defendants and this plaintiff is also entitled to statutory damages under the FDCPA.

43.     This place is also entitled to damages for his invasion of privacy.


**TRIAL BY JURY**

44.     The plaintiffs are entitled to and hereby demand a trial by jury.   US Const. Amend. VII. Fed. R. Civ. Pro. 38.

**CAUSES OF ACTION**

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION**
**PRACTICES ACT-HALL v. THE DEFENDNATS**
**15 U.S.C. § 1692 et seq.**

45.     The plaintiff, Hall, incorporates by reference paragraphs 1 through 25 and 44 of this complaint as though fully stated herein.

46.     The foregoing acts and omissions of the defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

47.     As a result of the defendants' violations of the FDCPA, the plaintiff, Hall is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C.  § 1692k(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION
## PRACTICES ACT – PHILLIPS v. ERC
## 15 U.S.C. § 1692 et seq.

48.     The plaintiff, Phillips, incorporates by reference paragraphs 26 through 44 of this complaint as though fully stated herein.

49.     The foregoing acts and omissions of the defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

50.     As a result of the defendants' violations of the FDCPA, the plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT III
## INVASION OF PRIVACY - THE DEFENDANT, ERC INTRUDED
## UPON THE SECLUSION OF THE PLAINTIFF, PHILLIPS

51.     The plaintiff, Phillips, adopts and realleges the allegations contained in paragraphs 26 through 44 of this complaint as if fully stated herein.

52.     The defendant, ERC intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this plaintiff.

53.     ERC intentionally caused harm to the plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt.

54.     The plaintiff has a reasonable expectation of privacy, solitude, and/or seclusion in his private concerns or affairs.

55.     The intrusion by the defendant, ERC, occurred in a way that would be highly offensive to a reasonable person in the position of the plaintiff because it left intrusive phone

messages on this plaintiff's personal cell phone that was a private and confidential telephone number.

56.     ERC has harmed the plaintiff by its intrusion into the seclusion of this plaintiff.

57.     As a result of such invasions of privacy, this plaintiff is entitled to actual damages from the defendant, ERC in an amount to be determined at trial.

## PRAYER FOR RELIEF

 **WHEREFORE**, the plaintiffs respectfully ask:

a.   That an order be entered certifying the proposed class or classes under Rule 23 of the Federal Rules of Civil Procedure and appointing the plaintiff, Hall and her counsel to represent the class;

b.   That an order be entered declaring that the defendants violated the FDCPA;

c.   That judgment be entered against the defendants for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d.   That judgment be entered against the defendants for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

e.   That the Court award costs and reasonable attorneys' fees in favor of the plaintiffs and against the defendants pursuant to 15 U.S.C. § 1692k(a)(3);

f.   That the court enter judgment in favor of the plaintiff, Phillips and against the defendant, ERC for actual damages for the invasion of the plaintiff, Phillips's privacy; and

g.   Such other and further relief as may be just and proper.

Respectfully submitted,

Dated:  September 21, 2010              By:   _/s/ Michael G. Phillips_   _____
                                       Michael G. Phillips
                                       **PHILLIPS LAW, PLLC**
                                       MN Attorney I.D. No. 0290105
                                       412 South Fourth Street, Suite 1155
                                       Minneapolis, MN 55415
                                       Telephone: (612) 677-8345
                                       Facsimile: (612) 344-1579

mike@phillipslawmn.com

**ATTORNEY FOR THE PLAINTIFFS**